IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARLENE ROBINSON,** | : | |
|     **Plaintiff,** | : | |
| | : | |
|     v. | : | **CIVIL ACTION NO. 24-CV-1485** |
| | : | |
| **PATHWAY TO HOUSING,** *et al.*, | : | |
|     **Defendants.** | : | |

**MEMORANDUM**

**PEREZ, J.**                                                                                                                                **APRIL 18, 2024**

Plaintiff Darlene Robinson filed this civil action based on an incident that caused her to feel unsafe in her home. (Compl. (ECF No. 2).) She seeks to proceed *in forma pauperis* in this matter. For the following reasons, the Court will grant Robinson leave to proceed *in forma pauperis* and dismiss her Complaint for failure to state a claim.

**I.      FACTUAL ALLEGATIONS**[1]

Robinson's claims are based on an unfortunate incident during which "someone die[d] in [her] apartment when [she] wasn't home [and] blood [was] everywhere." (Compl. at 3.) The Complaint suggests that Pathways to Housing, a local nonprofit organization with a mission to address chronic homelessness,[2] provided Robinson with the housing where she was living at the time. (*See id.*) Officers from the police department were called to the scene to investigate. (*Id.*) Pathways to Housing changed the locks and told Robinson to "go somewhere to stay for the weekend." (*Id.*) Robinson adds that an individual by the name of Sara, who is identified as an

---

[1] The following allegations are taken from the Complaint. The Court adopts the pagination supplied by the CM/ECF docketing system.

[2] *See* https://pathwaystohousingpa.org/who-we-are (last accessed Apr. 12, 2024). This entity is identified as "Pathway to Housing" in the Complaint.

"ICM worker" (presumably an acronym for Intensive Case Management worker) at "Legal - Aid," did not do anything to help her. (*Id.*)

According to Robinson, Pathways to Housing provided her and her son with unsafe housing on this occasion and in the past. (*Id.* at 6.) She claims that an individual by the name of Steven, who is also an ICM worker, told her that "team 3 is the wors[t] team at Pathway [and that] three people die[d] in that build one with pathway." (*Id.*) Robinson claims that she was almost a victim on one of these occasions. (*Id.*)

Robinson alleges that she was mentally, emotionally, and physically traumatized by the incident and the "three deaths in the building." (*Id.* at 4.) She also feels that her life is at risk. (*Id.*) Robinson brings unspecified federal claims based on an alleged right to "fair and clean housing" that is safe against Pathways to Housing, Sara, and two individuals about whom she makes no factual allegations — Andy (another ICM worker) and Rahema (identified as a "Peer Specialist"). (*Id.* at 2.) She seeks "fair safe housing" for herself and her son and appears to seek damages for pain and suffering and material losses. (*Id.* at 4.)

## II.     STANDARD OF REVIEW

The Court grants Robinson leave to proceed *in forma pauperis* because it appears that she is unable to pre-pay the costs for filing this lawsuit. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Robinson's Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to

state a plausible [] claim.'"  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Robinson is proceeding *pro se*, the Court construes her allegations liberally.  *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.  DISCUSSION

Robinson has not stated a plausible basis for a federal claim.  The Fair Housing Act prohibits discrimination based on race, color, religion, sex, familial status, national origin or disability in the rental or sale of a dwelling, *see* 42 U.S.C. § 3604, but nothing in Robinson's Complaint suggests she was discriminated against, so this statute is inapplicable here.  Robinson also cannot state a federal claim under 42 U.S.C. § 1983.  To state a claim under that statute, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Robinson has not sued state actors and her allegations do not support a plausible constitutional violation.  *See, e.g.*, *White v. Pagotto*, No. 22-3257, 2023 WL 4929306, at *2 (3d Cir. Aug. 2, 2023) (*per curiam*) (affirming the dismissal of § 1983 claims where plaintiff "made no allegations showing that the named defendant, Bethesda Project, Inc., [manager of a subsidized housing program where plaintiff lived] is a state actor"); *Bell v. SELF Inc.*, No. 23-CV-3646, 2023 WL 7004419, at *3 (E.D. Pa. Oct. 24, 2023) ("[A]ny constitutional claims cannot proceed because the named Defendants – a private non-profit organization and its emergency housing site – are not state actors subject to suit under § 1983."); *Fultz v. Neighborhood Legal Servs.*, 654 F. Supp. 881, 885 (W.D. Pa. 1987) (holding that nonprofit corporation providing legal services was not a state actor and citing cases); *see*

*also DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989) (explaining that "[a]s a general matter, . . . a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause"). Nor can the Court discern any other basis for a federal claim here.[3]

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Robinson leave to proceed *in forma pauperis* and dismiss her Complaint for failure to state a claim. Since Robinson's allegations simply do not support a factual basis for a federal claim the dismissal will be with prejudice because amendment would be futile. An appropriate Order follows.

**BY THE COURT:**

**MIA R. PEREZ, J.**

---

[3] To the extent the Complaint can be construed to raise any claims under state law, there is no apparent basis for jurisdiction over any such claims. *See* 28 U.S.C. § 1332.